40  755
47  1313

## No. 234.

THE STATE EX REL PARISH BOARD OF SCHOOL DIRECTORS VS. POLICE JURY.

The word "*may*," found in section 54 of Act No. 81 of 1888, does not mean *shall*. Traced back, through the last sentence of Article 229 of the Constitution to Act No. 23, Sec-

tion 28, of 1877, which the framers of that instrument intended to continue in force in that respect, it simply means are *authorized.*

The Constitution merely directed that the Legislature "shall provide that every parish *may* levy a tax, which means, *is authorized or empowered.*

Any legislation seeming to impose upon police juries the *duty* or *obligation* of levying the tax would transcend the delegated authority and so be unconstitutional and barren of effect.

Police jurors are therefore clothed by law with the discretionary or optional power of levying or not, as in their wisdom they may see fit and proper, the tax in question for school purposes.

In case of a failure to levy the tax, no *mandamus* can issue to compel the levy.

APPEAL from the Tenth District Court, Parish of DeSoto. *Hall,* J.

*J. C. Pugh,* District Attorney, for Plaintiff and Appellee.

*E. W. Sutherlin* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.    Relying upon Section 54 of Act No. 81 of 1888, the relators seek by *mandamus* to have the Police Jury of De Soto parish commanded to levy a one and a half mills tax for common school purposes.

One of the grounds of resistance urged by the Police Jury, is that the levy of such tax rests in their discretion, and that they cannot be judicially constrained to exercise it.

The district court having made the *mandamus* peremptory and ordered the levy of the tax asked, the Police Jury have appealed.

The section relied on (54) enacts substantially, that the police jurors of the several parishes *may* levy, for the support of the common schools of their respective parishes, not less than one and a half mills of the ten mills on the dollar of the assessed valuation of the property thereof, to be provided for in their annual budgets, and that, on the refusal or neglect to levy said tax, or to vote for such levy, the parish school board shall have the right, and it shall be its duty, to compel by *mandamus* the levy of said tax.

The relators contend that this provision is mandatory and that the Legislature had the power, under the Constitution, to enact such legislation, which is obligatory and should be carried out.

In order to show that the language is mandatory, the relators argue that the Statute provides that, on the refusal or neglect of the Police Jury to levy said tax or to vote for it, it shall be the right and duty of the school board to compel them to do so by *mandamus,* which is a

writ which issues to coerce specific performance when no discretion to do or not to do exists, in other words, to coerce a ministerial duty.

It is evident that the first part of the section merely provides that police juries "*may*" levy a tax.  The word "*may*," in its usual acceptation, is merely permissive.  It is true, however, that cases have occurred in which that *word* has been construed to mean *must* or *shall;* but the question is, in the instant controversy, whether it has that meaning and purport.

The Statute is not an original piece of legislation, which the General Assembly would be authorized to enact *proprio motu*, in consequence of the possession of the powers vesting generally in such bodies.  It is a legislation which, in Louisiana, owing to constitutional restrictions on the law making power, must find, to be valid, its authority in the organic law itself, and which was enacted under a constitutional behest.

We deem it unnecessary to enter into any inquiry as to what the powers are of the State and of the parishes to levy taxes for the common schools for general or local purposes, as there exist in the Constitution special provisions for the exercise of the right of taxation for those objects.

Article 229 of that instrument, in its concluding part, directs distinctly and unmistakably that the Legislature "shall provide that every parish *may* levy a tax for the public schools therein, which shall not exceed the State tax, *provided* that, with such tax, the whole amount of parish taxes shall not exceed the limit of parish taxation fixed by this Constitution."

It is apparent that the Legislature of 1888 bore this article in mind when the section in question was framed, as the very word "*may.*" which is found in the constitutional provision, is repeated in this section.

The law giver says : The Police Jurors of the several parishes *may* levy, etc.  Had the word *shall* or *must* been used, it manifestly would have been employed in excess of the power delegated by the Constitution, unless the word *may* therein found was really designed to mean either *shall* or *must,* and was intended to be imperative, from all standpoints, on the police juries.

It cannot be argued, however, that the word "*may*" in the article has that purport, for it is glaring that the framers of the organic law did not so propose, but merely contemplated to continue in existence, to some extent, a pre-existing statute on the same subject, namely, Act No. 23, Sec. 28, of 1877, p. 36, which provided that police juries *are*

*authorized* to levy a tax for the support of common schools, which shall not exceed two mills, etc.

So that, in order to ascertain the meaning of the word "*may*" in Sec. 54 of Act 81 of 1888, recourse must be had to the concluding sentence of Article 229 of the Constitution, in which it is used, which requires the Legislature to vest police juries with the power of levying the tax, and, in order to realize the meaning of that word in that Article, reference must be had to the legislation *in esse* at the date of the adoption of the Constitution.

By this process, the purport and meaning of the word "*may*" in the Statute of 1888 are readily ascertained to be *permissive* and not mandatory.

Therefore, the section under consideration must be read as meaning that the police jurors of the several parishes, etc., *are authorized* to levy, etc., and cannot be viewed as imposing upon them absolutely, the duty or obligation to levy the tax.

It consequently follows that the term used is not mandatory, but permissive only, and that the propriety of the levy of the tax is merely optional with police juries, who, in their wisdom, may or not exercise the prerogative.

Having been clothed with discretionary powers only, and not burdened with any duty, it cannot be claimed that they can be forced by any judicial authority to exercise it, one way or the other, and that the relators have any standing in court to claim the tax as a matter of right.

It is, therefore, ordered and decreed that the judgment appealed from be reversed, and it is now ordered and decreed that the application for a *mandamus* herein be refused with costs.