JOHNSON, C.J., dissenting.
I agree with the court of appeal panel that declared the methodology set forth in Senate Concurrent Resolution no. 55 ("SCR 55) (2014) in applying the formula contained in La. R.S. 17:3995, violates La. Const. art. VII § 13 in that it allows the diversion of public school funds to non-public schools.
La. Const. art. VII § 13 provides that the State Board of Elementary and Secondary Education ("BESE") must annually adopt a formula to determine the cost of a Minimum Foundation Program ("MFP") to fund education in all public and elementary and secondary schools. The funds appropriated by the legislature must be equitably allocated to parish and city school systems so that each system has the resources to meet minimum standards.
The state argues that public schools are not explicitly defined in the Constitution and the definition can be expanded to include Legacy Charter schools, New Type 2 Charter schools, and any other new independent schools created by a charter between BESE and a nonprofit corporation.
Charter schools are not a new phenomena. In fact, this state has a long history where the legislature has appropriated funding for alternative schools. We have the aforementioned Legacy schools, such as LSU and Southern University Laboratory schools, that have been funded separately by the state for more than fifty (50) years. These schools provide wonderful education opportunities. They are also allowed to charge tuition and have selective admission standards.
Historically, we have defined "public schools" as elementary and secondary schools operated and administered by a locally elected parish or city School Board which provides free and open enrollment to every child in the school district.
Local Cost Allocation
In my view, SCR 55 (11)(B) violates La. Const. art. VII § 13 (C) through its use of local funds to support New Type 2 Charter Schools. We have long recognized the taxing authority of local school districts. Mandating school funding is not a novelty. In 1888, the issue arose as to whether the police jury in DeSoto Parish should be required to levy taxes for common (public) schools. See Par. Bd. of Sch. Directors v. Police Jury , 5 So. 23, (La. 10/17/1888) 40 La. Ann. 755. Since then, we have recognized that the Constitution allows for the collection of ad valorem taxes, and sales and use taxes by the parish school boards to fund public schools. See La. Const. art. VIII sec. 13 . Historically, these funds are specifically dedicated to School Board use, as were the "Sixteenth Section" lands, which were reserved for the benefit of public schools.
SCR 55 requires that legacy Type 2 Charter Schools and New Type 2 Charter Schools be allotted a local cost allocation according to the formula set out in *312 La. R.S. 17:3995. These local ad volorem and sales and use taxes were instituted by majority vote following a ballot initiative. The public vote for institution (or renewal) of school taxes was based on the fact that the taxes were pledged for operation of parish and city schools There can be no diversion of this local tax money to charter schools.
For the reasons above, I respectfully dissent.